**WO**  RP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jerrod Len Booth, ) | No. CV 07-1853-PHX-MHM (DKD) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Joe Arpaio, et al., ) | |
| Defendants. ) | |

Plaintiff Jerrod Len Booth, who is confined in the Maricopa County Fourth Avenue Jail, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1) and an Application to Proceed *In Forma Pauperis* (Doc. #3). The Court will deny the Application to Proceed and dismiss the action.

**I.    Three Strikes Provision 28 U.S.C. § 1915(g)**

Title 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The constitutionality of this provision has been upheld by the Ninth Circuit Court of Appeals. Andrews v. King, 398 F.3d 1113, 1123 (9th Cir. 2005); Rodriguez v. Cook, 169 F.3d 1176, 1181 (9th Cir. 1999).

1    A search of the Court's docket reveals that Plaintiff has filed thirty-four (34) other
2 lawsuits while he has been a prisoner.  At least four (4) of his prior actions were dismissed
3 for failure to state a claim.  See Booth v. Stewart, CV-02-2332-PHX-MHM (DKD) (D. Ariz.
4 Order of dismissal filed February 13, 2003); Booth v. Schriro, CV-04-2347-PHX-MHM
5 (DKD) (D. Ariz. Order of dismissal filed August 31, 2005); Booth v. Schriro, CV-04-2807-
6 PHX-MHM (DKD) (D. Ariz. Order of dismissal filed March 15, 2006); and Booth v. Schriro,
7 CV-05-105-PHX-MHM (DKD) (D. Ariz. Judgment of dismissal filed April 27, 2006).
8 Therefore, Plaintiff may not bring any civil action without complete pre-payment of the
9 $350.00 filing fee unless he is in imminent danger of serious physical injury.  28 U.S.C. §
10 1915(g).

**II.    No Imminent Danger of Serious Physical Injury Allegation**

In his Complaint, Plaintiff alleges in Count I that his First Amendment right of access to the court was violated, and in Count II that his Fifth and Fourteenth Amendment due process rights were violated.  Plaintiff does not allege in the Complaint that he is in imminent danger of serious physical injury, and the facts as presented by Plaintiff would not support such an allegation.  Accordingly, Plaintiff is not entitled to proceed *in forma pauperis*, and his Complaint and this action must be dismissed without prejudice for failure to pre-pay the $350.00 filing fee.  If Plaintiff wishes to reassert these claims in the future, he must pre-pay the entire $350.00 filing fee when he files his new action.

**IT IS ORDERED**:

(1)  Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #3) is **denied**.

(2)  The Complaint (Doc. #1) and this action are **dismissed** pursuant to 28 U.S.C. § 1915(g) **without prejudice** to Plaintiff filing a complaint in a new case accompanied by the full $350.00 filing fee.

///

///

///

1     (3) The Clerk of Court **must enter judgment** accordingly and **close** this file.

2     DATED this 9th day of October, 2007.

                                              */s/ Mary H. Murguia*
                                              Mary H. Murguia
                                              United States District Judge