**WO**                                                                                                           RP

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jerrod Len Booth, | No. CV 07-1853-PHX-MHM (DKD) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joe Arpaio, et al., | |
| Defendants. | |

Pending before this Court are Petitioner's "Motion For 'T.R.O.' In Pursuant To Rule (65)(b), Fed.R.Civ.P." (Doc. #9) and "Motion For Recalculation" (Doc. #10). The Court will deny both Motions.

**I.     Background**

On September 26, 2007, Plaintiff Jerrod Len Booth, who is confined in the Maricopa County Fourth Avenue Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1) and an Application to Proceed *In Forma Pauperis* (Doc. #3). By Order filed October 10, 2007 (Doc. #4), the Court denied the Application to Proceed *In Forma Pauperis* and dismissed the Complaint and this action pursuant to 28 U.S.C. § 1915(g) without prejudice to Plaintiff filing a complaint in a new case accompanied by the full $350.00 filing fee. Judgment was entered on October 10, 2007 (Doc. #5).

On October 24, 2007, Petitioner filed a "Motion of Inquiry" (Doc. #7), in which he "plead[ed] with this Court for the reason(s) why" his Application to Proceed *In Forma*

*Pauperis* (Doc. #3) was denied. By Order filed November 6, 2007 (Doc. #8), Plaintiff's Motion was granted to the extent that the Court reiterated that Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #3) was denied because he had more than three strikes under 28 U.S.C. § 1915(g) and he was not in imminent danger of serious physical injury. For further details, Plaintiff was advised to refer to the Court's October 10, 2007 Order (Doc. #4).

**II.     Motion for T.R.O.**

On November 14, 2007, Plaintiff filed a "Motion For 'T.R.O.' In Pursuant To Rule (65)(b), Fed.R.Civ.P." (Doc. #9), in which he seeks a temporary restraining order for access to legal research material. Because this case is closed, with judgment having been entered on October 10, 2007 (Doc. #5), Plaintiff's Motion will be denied as moot.

**III.    Motion for Recalculation**

On November 15, 2007, Plaintiff filed a "Motion For Recalculation" (Doc. #10), in which he "begs" this Court for a recount of his strikes under 28 U.S.C. § 1915(g) and written documentation of his strikes if he has three or more. Plaintiff's Motion will be denied.

The Court's Order filed October 10, 2007 (Doc. #4) is self-explanatory. It lists four strikes against Plaintiff out of the 34 other lawsuits which he had filed in this Court while he was a prisoner. In case Plaintiff no longer has his copy of the Court's Order, the four prior actions dismissed for failure to state a claim that count as strikes were: (1) Booth v. Stewart, CV-02-2332-PHX-MHM (DKD) (D. Ariz. Order of dismissal filed February 13, 2003); (2) Booth v. Schriro, CV-04-2347-PHX-MHM (DKD) (D. Ariz. Order of dismissal filed August 31, 2005); (3) Booth v. Schriro, CV-04-2807-PHX-MHM (DKD) (D. Ariz. Order of dismissal filed March 15, 2006); and (4) Booth v. Schriro, CV-05-105-PHX-MHM (DKD) (D. Ariz. Judgment of dismissal filed April 27, 2006).

//
//
//
//

**IT IS ORDERED** that Plaintiff's "Motion For 'T.R.O.' In Pursuant To Rule (65)(b), Fed.R.Civ.P." (Doc. #9) and "Motion For Recalculation" (Doc. #10) are both **denied**.

DATED this 29th day of November, 2007.

_____
Mary H. Murgula
United States District Judge